UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>DANA QSR, INC.,<br><br>    Debtor. | CASE NO.  04-18070 SJS<br>Chapter   11<br><br>**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR SUBSTANTIVE CONSOLIDATION** |

## I. **NATURE OF MOTION**.

Dana QSR, Inc., (also referred to as "Dana") and Joly, Inc., (also referred to as "Joly") seek entry of an order substantively consolidating their separate chapter 11 cases. If the motion is granted, the two companies will be administered as one and all assets will be pooled for distribution to all creditors pursuant to the requirements of the Bankruptcy Code. Inter-company claims will be extinguished. And creditors of the consolidated companies will be combined for the purpose of voting on the reorganization plan.

This motion is supported by the declaration of David Lively, President of each company, the attachments to his declaration, and this Memorandum of Law.

MEMORANDUM OF LAW - 1 -

**SHAFER & BAILEY**
1218 Third Avenue, #1808
Seattle, WA 98101
206 682 4802

Case 04-18070-SJS    Doc 51    Filed 08/12/04    Ent. 08/12/04 20:04:00    Pg. 1 of 5

## II. **LAW**.

### 2.1 **Legal Basis for Substantive Consolidation**.

There is no statute that specifically deals with substantive consolidation. But the power to substantively consolidate has been considered part of the court's general equitable powers since passage of the Bankruptcy Act of 1898. See <u>In re Bonham</u>, 229 F.3d 750 at 763 (9th Cir. 2000). The power of substantive consolidation, though not codified by either of the Bankruptcy Reform Acts of 1978 and 1994, derives from the court's general equity powers as expressed by 11 U.S.C. §105(a), which states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title ...

Various courts have developed different tests for determining if substantive consolidation is appropriate. These courts have had to deal with substantive consolidation on a case by case basis.

The Ninth Circuit has adopted the test used by the Second Circuit in the case of <u>In re Augie/Restivo</u>, 860 F.2d 515, at 518 (2nd Cir. 1988). In <u>Augie</u> the court applied a test which considered two factors: "(1) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit; or (2) whether the affairs of the Debtor are so entangled that consolidation will benefit all creditors." <u>Augie/Restivo</u>, 860 F.2d at 518. The

**SHAFER & BAILEY**
1218 Third Avenue, #1808
Seattle, WA 98101
206 682 4802

MEMORANDUM OF LAW - 2 -

presence of either factor is a sufficient basis to order substantive consolidation.

### III. **THE AFFAIRS OF JOLY AND DANA ARE SO ENTANGLED THAT CONSOLIDATION WILL BENEFIT ALL CREDITORS.**

Dana and Joly have the same shareholders. They are both managed by Dave Lively. They are both in the same business. Joly owns and manages three Burger King franchises. Dana owns and manages two Burger King franchises. All of these franchises are in the greater Seattle area.

The vendors are the same. Neither company has a line of credit with a commercial bank. Each company lives off its cash flow. As stated by Mr. Lively in his declaration, each company would, from time to time, pay debts of the other company.

Originally there were good reasons to keep the two companies separate. Joly was formed to buy out a partner of Nancy Jones and Dave Lively and insulate the new company from the debts of the former partner. Dana was formed to acquire two Burger King franchises and provide even more insulation from the financial difficulties of the former partner. Now that reason no longer exists. And Mr. Lively has tended to operate the two businesses as one entity.

Consolidation will benefit the debtors and all creditors because all administrative expenses will be substantially reduced making a distribution to creditors far more likely. The reduction of administrative expenses was a significant factor in

MEMORANDUM OF LAW - 3 -

the case of <u>In re Standard Brands Paint Company</u>, 154 BR 563, 571 Bankr. CD Cal. 1993.  Substantive consolidation was granted in that case.  If the cases are consolidated, Shafer & Bailey, counsel for Joly, will no longer have a conflict.  It will be able to represent both companies.  This will reduce the attorneys fees that accrue in bankruptcy.  Likewise, one accountant would be able to perform services for the consolidated entity also reducing fees.  Since fees of professionals are administrative claims and must be paid in full on confirmation, these fees will be reduced making confirmation more likely.

     Also, consolidation of the two cases would eliminate the possibility that each Debtor would accrue additional fees in analyzing the claims each may have against the other.  Such claims usually have more of a hypothetical than a real value.  But sometimes, because of pressure from creditors or from the US Trustee, debtors are forced to analyze and even pursue such claims where the net result will be to diminish the bankruptcy estate by increasing administrative expenses.

### **CONCLUSION**.

     If these cases are substantively consolidated, administrative expenses, which sometimes swallow cases, will be significantly reduced.  Further the companies can spend minimal time analyzing inter-corporate transfers as these transfers become extinguished upon substantive consolidation.  The

MEMORANDUM OF LAW - 4 -

**SHAFER & BAILEY**
1218 Third Avenue, #1808
Seattle, WA 98101
206 682 4802

consolidated Debtor can focus its efforts on more productive activities.

Respectfully submitted this 12th day of August, 2004.

SHAFER & BAILEY

/s/ *James W. Shafer*
James W. Shafer WSBA# 8011
Attorney for Debtor

Dana consolidation mem.wpd

MEMORANDUM OF LAW - 5 -

**SHAFER & BAILEY**
1218 Third Avenue, #1808
Seattle, WA 98101
206 682 4802